```
LAWRENCE G. BROWN
United States Attorney
RICHARD J. BENDER
PHILLIP A. FERRARI
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>WAYNE J. MAJORS,<br>    aka Jay Majors,<br>LEAH M. ANDERSON,<br>    aka Jennifer Metzger; and<br>SANDRA VILLEGAS,<br><br>            Defendants. | CASE NO. Cr. S-06-0115 LKK<br><br>**ORDER RESETTING TRIAL DATE AND EXCLUDING TIME** |

The above captioned case came on for a hearing in open court on Tuesday, January 6, 2009. Counsel for all the parties were present. The defendants were not present, waivers of appearances having been filed.

Government counsel stated that he had been informed by counsel for defendant Majors that Mr. Majors has become seriously ill with a respiratory illness that necessitates substantial on-going treatment. These physical problems have been represented to result in cognitive deficiencies which make it difficult for Mr. Majors to engage in plea negotiations and could potentially make it a problem for Mr. Majors

1  to stand trial.  Counsel for defendant Majors has provided government
2  counsel with some medical records/information which support the above
3  respresentations.
4      The government needs time to evaluate the validity of the
5  medical claims.  Counsel for defendant Majors has agreed to obtain
6  the necessary medial (privacy) waivers from his client so that
7  government counsel and government medical personnel can obtain and
8  evaluate the validity of the claimed illness.  It is anticipated that
9  the government would either use internal resources (e.g., U.S. Bureau
10 of Prison personnel who can review the medical records - hopefully
11 without the need to actually examine the defendant) and/or outside
12 retained medical personnel (e.g., within Arizona where defendant
13 Majors resides).  These experts would be asked to determine the
14 extent of the defendant's physical problems, likelihood that the
15 defendant would be physically well enough to participate (i.e.,
16 assist his attorney and testify if he desires to do so) in a criminal
17 trial anticipated to last 3 to 4 weeks, and, if convicted, well
18 enough to serve a potential prison sentence without life threatening
19 consequences.
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

1     To accomplish the above, the government requested that the
2 current February 24, 209, trial date be continued.  All defense
3 counsel agreed with the request.  A new trial date of April 14, 2009,
4 at 10:30 a.m., was agreed upon by all the parties, with a trial
5 confirmation date of March 24, 2009, at 9:15 a.m.  It was also agreed
6 that time would be excluded under the Speedy Trial Act from January
7 6, 2009, until April 14, 2009, based on the exclusion contained in 18
8 U.S.C. § 3161(h)(1)(A) (delay resulting from examination to determine
9 the mental or physical capacity of defendant).

11 Is it SO ORDERED,
12 DATED: January 7, 2009

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT